# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SHIRLEY JAMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-015 |
| | ) | |
| SAVANNAH FBI, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Shirley Jamerson, proceeding *pro se*, brings this 42 U.S.C. § 1983 Complaint against various branches of the Federal Bureau of Investigation (FBI), a United States Attorney, and a local law enforcement official. Doc. 1. She has filed motions for leave to proceed *in forma pauperis* (IFP), doc. 2, and requesting the Court to appoint counsel, doc. 6. She has also filed requests to be placed in the witness protection program, doc. 5, and pleadings detailing harassment by federal agents, doc. 4 and 5. The Court has screened the pleadings pursuant to 28 U.S.C. § 1915(e), which requires the dismissal of a

complaint that fails to state at least one actionable claim.[1]  As Plaintiff's pleadings are frivolous, the claims should be **DISMISSED**.  The motions to proceed IFP and to appoint counsel should also be **DENIED as moot**.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed IFP, the Court must conduct an initial review of the complaint and dismiss any action or appeal that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (*quoting Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).  Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Bilal*

---

[1] The right to proceed IFP in the federal district courts is governed by 28 U.S.C. § 1915, which authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

*v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Daker v. Bryson*, 2017 WL 242615 at * 3 (S.D. Ga. Jan. 19, 2017).

The Court struggles to conjure a cognizable § 1983 claim from plaintiff's many pages of often disjointed allegations. Section 1983 provides a mechanism for civil relief in situations where a "person acting under the color of state law" deprives a plaintiff of "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Plaintiff's complaint alleges "wrongful enslavement," but the supporting facts paint a confusing mosaic of assassination plots and fictitious governmental programs. Doc. 1. The allegations include a murder for hire scheme by businessman Roger Penske and rape, assault, and stalking by corrupt FBI agents using a "shadow tool" to invade plaintiff's home and monitor her activities. *Id.* at 5, 6 and 7. She complains that local FBI branches and prosecutors have been unwilling to investigate and prosecute those involved. *Id.* at 5 and 7. She also suggests that she was injured by the Chatham County Police Department, but fails to provide any context. *Id.* at 7.

As the Court can see no merit in either fact or law to plaintiff's Complaint, it should be **DISMISSED** as frivolous.[2]  The motion to proceed IFP should also be **DENIED as moot**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  **Within 14 days of service**, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

---

[2] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires").  However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins*, 620 F. App'x 709 at 711.  That's the case here.  Plaintiff cannot plead any set of facts which would allow her claims to proceed and do not appear amendable.

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 5th day of February, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA